### 48849. ENNIS v. THE STATE.

DEEN, Judge. The defendant was arrested in Lamar County on the discovery of a film cartridge containing less than an ounce of marijuana on top of a china cabinet in his father's house, and a pipe useful in smoking this drug, in an automobile belonging to his mother. These items were turned up on a search of the premises with warrant. The evidence established that the parents lived in Decatur, Georgia, where a bedroom was set aside for the defendant's use and where he frequently stayed, while also staying at times in a friend's house in Atlanta, Fulton County, and also having unrestricted permission to stay in the Lamar County house where the search was made. This latter was vacant much of the time; earlier in the year it had been rented, and several weeks before the arrest a girl known to the defendant, and with the permission of his father, had stayed there for six weeks or so to isolate herself in an attempt to break the barbiturate habit. Prior to the arrest the defendant had been seen once in the house, and another time in the town, and that was all. He testified that he did not see the house for six months at a time; he came down from Atlanta on occasion to spend the night, but never stayed more than two nights, never locked the house, and the presence of the drug was unknown to him. The car, which belonged to his mother, had been sitting unlocked in the street for a week.

Under the undisputed evidence persons other than the defendant had had equal access to the premises and to the automobile (which was not the vehicle driven by him to the house). The

length of time the marijuana had been on top of the china cabinet was not ascertainable. The defendant was tried and convicted, his motion for new trial was overruled, and he appeals. *Held:*

1. It is not ground for a new trial that on a felony indictment a defendant may be convicted of a lesser included crime which is itself only a misdemeanor. Code Ann. § 26-505.

2. Where a conviction for possession of contraband depends entirely on circumstantial evidence, it must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. Code § 38-109; *Johnson v. State,* 79 Ga. App. 210 (53 SE2d 498). In *Clark v. State,* 66 Ga. App. 153 (17 SE2d 552), a conviction for manufacturing whiskey, it was held: "In the absence of proof that the defendant either owned the premises on which the stills were located, or was in the control and operation of them, or participated directly or indirectly in their operations, we do not think it excludes every reasonable hypothesis save that of the guilt of the defendant." In *Jones v. State,* 127 Ga. App. 137 (193 SE2d 38) marijuana was found in a bag in the bedroom which the defendant had occupied overnight; in the absence of proof that the bag belonged to him, the evidence was insufficient. In *Ivey v. State,* 226 Ga. 821 (4) (177 SE2d 702) the Supreme Court approved the rule that where the evidence on the possession of contraband is entirely circumstantial, it is usually sufficient to convict where the proof shows the premises to be occupied by and under the control of the accused, but if the proof also shows that others than the accused have equal right of access and occupancy it is usually insufficient.

Here it was shown that the house belonged to the defendant's father; that the defendant occupied it only on occasional brief visits; that it was left unlocked and unoccupied most of the time, and that it had in fact been occupied by another person with a drug problem shortly before. Nothing except the location of the marijuana in this house tends to cast a shadow of guilt on the accused. If the pipe be looked to as supportive evidence, then the reply is that it was found in a car which did not belong to the defendant, which it was not shown that he used, and which had been parked unlocked on the street for some extended period of time.

The trial judge should have granted the motion for new trial based on these grounds.

*Judgment reversed. Hall, P. J., and Stolz, J., concur.*

ARGUED JANUARY 15, 1974 — DECIDED JANUARY 30, 1974.

*Thomas H. Harper, Jr.,* for appellant.
*Edward E. McGarity, District Attorney,* for appellee.