### 28943. RIDLEY v. THE STATE.

INGRAM, Justice.

Defendant's conviction, in the Superior Court of Butts County, under the provisions of Code Ann. § 77-361,[1] for possession of a deadly weapon while serving as an inmate of the Georgia Diagnostic and Classification Center, is here for review.

---

[1] *"Possession of deadly weapons by prisoner.*

"(a) Every person confined in a State prison or confined in any correctional facility under the jurisdiction of or subject to the authority of the State Board of Corrections or who, while being conveyed to or from any State prison, or while at any prison or road camp, prison forestry camp, or other prison work camp or prison farm under such jurisdiction or authority, or while being conveyed to or from any such place or while under the custody of prison officials, officers or employees subject to such jurisdiction or authority, who without authorization of the appropriate authorities, possesses or carries upon his person or had under his custody or control any instrument or weapon of the kind commonly known as a blackjack, slungshot, billy, sandclub, sandbag, or metal knuckles or any pistol, revolver, other firearm or any explosive substance or any dirk, dagger, switchblade, gravity knife, razor or any other sharp instrument which is capable of such use as may endanger the safety or security of any of the above described

A number of enumerated trial errors are insisted upon in this appeal, but only two of them will be discussed in this opinion. The first contention we address is defendant's argument that the statute under which he was convicted violates the "due process" clauses of both State and Federal Constitutions and denies him equal protection of law. We find no merit in this argument but agree with defendant's contention that a new trial should have been granted because the evidence was cir-, cumstantial and it failed to exclude every other reasonable hypothesis except guilt.

The language of this statute prohibits a prisoner, without authorization to do so, from possessing, carrying on his person, or having under his custody and control, various deadly weapons and instruments described in the statute, which might endanger the security of a Georgia correctional institution or the persons therein. The statute includes in the prohibited list a sharp instrument. The indictment in this case was stated in the language of the statute and we believe fairly apprised the defendant of the contemplated conduct forbidden by the

---

facilities or any person therein, is guilty of a felony and shall be punishable as provided in section 77-9915.

"(b)  A person is deemed confined in a 'State prison' if he is confined in any of the prisons or correctional facilities specified above by order made pursuant to law, regardless of the purpose of such confinement and regardless of the validity of the order directing such confinement, until a judgment of a competent court setting aside such order becomes final so as to entitle the person to his immediate release.

"(c)  A person is deemed 'confined in' a prison although, at the time of the offense, he is temporarily outside its walls or bounds for the purpose of confinement in a local correctional institution pending trial or for any other purpose which a prisoner may be allowed temporarily outside the walls or bounds of the prison, but a prisoner who has been released on parole is not deemed 'confined in' a prison for purposes of this Chapter." Ga. L. 1973, p. 555.

statute with which he was charged in this case. "The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." United States v. Harriss, 347 U. S. 612, 617 (74 SC 808, 98 LE 989) (1953). The Supreme Court of the United States restated this principle 18 years later in these words: ". . . we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning." Grayned v. City of Rockford, 408 U. S. 104, 108 (92 SC 2294, 33 LE2d 222) (1972). Measured by this standard, we believe the present statute is sufficiently definite to protect any prisoner who desires to obey it. Prior decisions of this court are also supportive of this determination. See *Mixon v. State,* 226 Ga. 869, 870 (178 SE2d 189) (1970), and *Stull v. State,* 230 Ga. 99, 100 (196 SE2d 7) (1973). Therefore, we hold that the statute, published as Code Ann. § 77-361, is not unconstitutionally vague or indefinite and is consistent with due process requirements of both State and Federal Constitutions.

Defendant also argues that "to class all inmates together and then to put restrictions on them (i.e., with respect to having weapons) which are not put on citizens generally" denies prisoners equal protection of the law guaranteed by "the Fourteenth Amendment of the U. S. Constitution." There is no merit in this contention. A statute which prohibits prison inmates from having deadly weapons does not violate the equal protection clause of the Fourteenth Amendment to the U. S. Constitution. "The equal protection clause. . . does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary." Morey v. Doud, 354 U. S. 457, 463 (77 SC 1344, 1 LE2d 1485). What more reasonable basis can be found than to classify prisoners as a definable group

not permitted to have dangerous or deadly weapons? It is inconceivable that any correctional institution for prisoners could even exist, if inmates were permitted to have weapons of the character prohibited by this statute. " 'Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.' Price v. Johnston, 334 U. S. 266, 285 (1948)." Pell v. Procunier,—U. S.—(94 SC 2800, 41 LE2d 495), decided June 24, 1974. We hold the present statute is reasonable and necessary for the security and protection of correctional institutions and the people who reside and work in such institutions.

The final argument made by defendant to be discussed in this opinion relates to the sufficiency of the evidence. It appears that defendant and other prisoners were subjected to a warrantless search of their persons and their cells. The search resulted from a fight between two inmates, neither of whom was the defendant in this case. Officers of the institution testified that during the search of defendant's cell, they found a sharp instrument, fabricated to resemble a knife, hidden in a groove beside a drawer in a wall cabinet. It was not visible to a person in the cell unless he knew where it had been placed. There was no evidence that defendant had placed it there or at any time had the instrument in his possession. Thus the strength of the state's case is dependent solely upon the instrument being discovered in defendant's cell. A similar search 17 days earlier of defendant's cell produced no weapon. Testimony at the trial established that prisoners had the option to lock their cells when they went out or leave them unlocked and that it was not unusual for one inmate to go into another inmate's cell. The defendant also testified without dispute that other prisoners always had access to his cell. Three inmates, other than defendant, testified that inmates often hid weapons in the cells of others or in empty cells. At the time the weapon was found in defendant's cell, he had 50 days remaining to be served on a burglary charge. His uncontradicted testimony at the trial shows that he had never fought or stabbed an inmate and he was not involved in the inmates' fight that prompted the search

which turned up the weapon in this case.

The principles used in the opinion written by Judge Braswell Deen for the Court of Appeals in *Ennis v. State,* 130 Ga. App. 716 (204 SE2d 519) are applicable here. In that case, the court held a new trial for possession of marijuana should have been granted because the evidence showed the defendant's occupancy of a house, where the marijuana was discovered, was not exclusive as other persons also had access to it. "Where a conviction for possession of contraband depends entirely on circumstantial evidence, it must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis. Code § 38-109; *Johnson v. State,* 79 Ga. App. 210 (53 SE2d 498). In *Clark v. State,* 66 Ga. App. 153 (17 SE2d 552), a conviction for manufacturing whiskey, it was held: 'In the absence of proof that the defendant either owned the premises on which the stills were located, or was in the control and operation of them, or participated directly or indirectly in their operations, we do not think it excludes every reasonable hypothesis save that of the guilt of the defendant.' In *Jones v. State,* 127 Ga. App. 137 (193 SE2d 38) marijuana was found in a bag in the bedroom which the defendant had occupied overnight; in the absence of proof that the bag belonged to him, the evidence was insufficient. In *Ivey v. State,* 226 Ga. 821 (4) (177 SE2d 702) the Supreme Court approved the rule that where the evidence on the possession of contraband is entirely circumstantial, it is usually sufficient to convict where the proof shows the premises to be occupied by and under the control of the accused, but if the proof also shows that others than the accused have equal right of access and occupancy it is usually insufficient." Id., Hn. 2.

The transcript of the evidence reveals that appellant did not have exclusive custody and control of even personal items in his assigned cell as other inmates and prison officials had access to the cell and its contents. Therefore, the evidence of guilt in this case is wholly circumstantial and we believe it is insufficient to prove the defendant's guilt beyond a reasonable doubt of possessing or having under his custody or control this weapon.

We recognize the need for intrusive searches and inspection of all areas of a jail or prison facility as these procedures are necessary for the control and security of the institution. The authority of the warden and his staff to conduct searches and to regulate the conduct of inmates is essential to the proper operation and security of the facility. This authority necessarily includes the power to impose reasonable administrative sanctions for disciplinary infractions. The search and seizure of the sharp instrument found in this case was a reasonable exercise of this power and may have resulted in appropriate disciplinary action, but, under the evidence presented, did not authorize a criminal conviction of the defendant for having possession or control of the instrument. For a discussion of applicable search and seizure principles, see Lanza v. New York, 370 U. S. 139, 143 (82 SC 1218, 8 LE2d 384) (1961); and, United States v. Hitchcock, 467 F2d 1107, 1108 (9th Cir., 1972).

We have reviewed the other enumerations of error in this case and find them to be without merit. However, for the reasons stated above, we conclude the trial court erred in denying defendant's motion for a new trial.

*Judgment reversed. All the Justices concur.*

ARGUED JUNE 10, 1974 — DECIDED SEPTEMBER 3, 1974.

*Richard W. Watkins, Jr.,* for appellant.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.