61937. MANESS v. THE STATE.

Pope, Judge.

Appellant was convicted of violation of the Georgia Controlled Substances Act (two counts) for possession of amphetamines and marijuana. He was sentenced to serve 15 years and 1 year consecutively. On the first day of trial during the case presented by the state, appellant filed a motion to suppress the drugs and other exhibits found during the search of his automobile. The trial court denied the motion on the general principle that it must be filed before testimony is begun in the trial of the case. Later in the trial, the state tendered these exhibits for admission into evidence and appellant specifically stated that he had no objection to their admission. Appellant brings this appeal enumerating as error the overruling of his motion to suppress made in writing during the presentation of the state's case and the introduction of the illegally seized contraband into evidence.

This court has held that where a motion to suppress illegally seized evidence is not timely made in writing, the defendant waives his constitutional guaranty to have that evidence suppressed. *Watts v. State,* 117 Ga. App. 558 (161 SE2d 516) (1968); *Gilmore v. State,* 117 Ga. App. 67 (159 SE2d 474) (1967). The trial court in the instant case misinterpreted *Thomas v. State,* 118 Ga. App. 359 (2) (163 SE2d 850) (1968); *West v. State,* 120 Ga. App. 390 (1) (170 SE2d 698)

(1969); and *Wilson v. State,* 126 Ga. App. 145 (1) (190 SE2d 128) (1972), as establishing a general principle of law that unless a defendant has not had the opportunity to present the question in advance of trial the motion *must* be filed before testimony is begun in the trial of the case. The requirement is not absolute. It is "not 'a narrow, finicky procedural requirement' in that 'the court in its discretion may entertain the motion at trial or hearing.' Jones v. U. S., 362 U. S. 257, 264 (80 SC 725, 4 LE2d 697, 78 ALR2d 233)." *Thomas,* supra at 361. A defendant does not, therefore, automatically waive his rights by waiting to assert them after testimony has begun, and a trial court should give strong consideration to those rights when determining the timeliness of a motion.

However, we do not reach the issue of whether the motion was timely in the instant case. When defense counsel stated that he had no objection to the introduction of the evidence, he "waived any objection which might have been urged including those contained in the motion to suppress." *Carter v. State,* 137 Ga. App. 823 (225 SE2d 64) (1976); *Abrams v. State,* 144 Ga. App. 874 (242 SE2d 756) (1978). Therefore, any error committed by the trial court in his ruling on the motion to suppress is deemed harmless.

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 10, 1981 —
REHEARING DENIED SEPTEMBER 25, 1981.

*Edmund A. Waller,* for appellant.
*Jeff Wayne, District Attorney,* for appellee.