## 71983. BLACK v. THE STATE.
(345 SE2d 678)

BEASLEY, Judge.

Defendant appeals his conviction of unauthorized possession of a weapon by an inmate of a penal institution (OCGA § 42-5-63).

1. Relying upon *Ridley v. State*, 232 Ga. 646, 649 (208 SE2d 466) (1974), defendant contends that the evidence was insufficient to sustain the verdict because the state failed to establish that he had exclusive custody and control of the weapon.

The conviction in *Ridley* was reversed because other inmates had equal access to the cell where the weapon was found. Here, however, the point-sharpened metal 10-inch rod was found in defendant's locker during a routine search of his cell. This locker was locked with defendant having the only key save a master key used by prison officials. Another inmate did share the cell, but not the locker, with defendant. Although other inmates could have gotten in the cell and broken into the locker, there was no evidence that this occurred. It is clear in these circumstances that others did not have equal access as was found in *Ridley*. The evidence was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

2. During the sentencing phase, the state introduced evidence, over objection, regarding a statement defendant made to a deputy warden while the jury was deliberating that he had a weapon at Reidsville where he was then incarcerated. Defendant argues that admitting it in evidence violated OCGA § 17-10-2, which provides that evidence in "aggravation" be made known to defendant prior to trial,

which it obviously was not.

*Ingram v. State*, 134 Ga. App. 935, 940 (8) (216 SE2d 608) (1975), held that defendant's conduct and attitude personally observed by the court during the trial would not fall within the statutory restriction. Then *Williams v. State*, 165 Ga. App. 553, 554 (3) (301 SE2d 908) (1983), citing *Ingram* and *Fair v. State*, 245 Ga. 868, 873 (4) (268 SE2d 316) (1980), held: "the court properly considered the defendant's conduct during the trial in considering whether to suspend or probate all of the sentence and that such a consideration does not come within the restrictions of OCGA § 17-10-2."

Absent clairvoyance, there could have been no notification prior to trial of the proof offered. Better practice would be for the state to have notified defendant as soon as possible after learning of this evidence. However, the defendant could have requested continuance of the hearing but chose instead to rely on a hoped-for rule of total exclusion. Advance notice so as to provide opportunity to prepare to challenge or counter the evidence in aggravation is the crux of the rule. Since defendant did not seek that opportunity, no purpose would be served in remanding the case for another sentencing hearing. See *Rielli v. State*, 174 Ga. App. 220, 223 (5) (330 SE2d 104) (1985). The cited decisions construe the statute to prevent the state, absent notification, from offering evidence of events in aggravation occurring prior to trial but not of incidents transpiring during trial. Without express statutory guidance, the trial court should exercise its discretion as to the admission of such proof.

We find no abuse and thus no reversible error from the circumstances here.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED MAY 22, 1986.

*Dennis Mullis*, for appellant.

*James L. Wiggins, District Attorney, James Turk, Assistant District Attorney*, for appellee.