72657. PATTERSON v. THE STATE.
(348 SE2d 578)

POPE, Judge.

Charles Patterson appeals from his conviction of child molestation, the victim being his nine-year-old niece. Appellant was tried in October of 1985, and when the jury deadlocked a mistrial was declared. In December Patterson was again tried for the same offense, with essentially the same witnesses and testimony except that during the December trial the State for the first time offered, and the trial court admitted over appellant's objection, a tape recording of a statement given by the victim to a deputy sheriff and a representative of the Department of Family and Children's Services after the molesta-

tion was reported. The trial court also allowed the jurors to read transcripts of the tape recording while it was being played, but the transcripts were not permitted to go out with the jurors during their deliberations. All the participants in the taping of the statement were available at the trial for cross-examination. The jury requested to hear the recorded statement again during their deliberations and the request was granted. After a verdict of guilty was returned, Patterson's motion for new trial was denied. His appeal therefrom was originally docketed in the Supreme Court but was transferred to this court. The sole issue on appeal is whether the introduction in evidence of the victim's tape-recorded statement violated the confrontation clause of the Sixth Amendment to the United States Constitution when the appellant had no opportunity to cross-examine the victim while she was giving the statement. *Held*:

The trial court admitted the victim's recorded statement in evidence under the authority of *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985). "*Cuzzort* stands for the proposition that where the veracity of a witness is at issue, and that witness is present at trial, under oath, and subject to cross-examination, the prior consistent out-of-court statement of the witness is admissible." *Edwards v. State*, 255 Ga. 149, 151 (335 SE2d 869) (1985). The victim's veracity was put in issue here by appellant's denial that any molestation ever took place, by evidence contradicting her testimony and by cross-examination concerning prior conflicting testimony and statements. Thus the *Cuzzort* standards were met. Likewise, "[t]he confrontation clause is not violated by admitting a declarant's out-of-court statement as long as the declarant is testifying as a witness and subject to full cross-examination. *California v. Green*, 399 U. S. 149 (90 SC 1930, 26 LE2d 489) (1970)." *Durham v. State*, 240 Ga. 203, 204 (240 SE2d 14) (1977). Accord *Jones v. State*, 169 Ga. App. 4 (6) (311 SE2d 485) (1983). "It has been recognized for more than 100 years that it is permissible for the trial judge, in his discretion, to permit the jury at their instigation to rehear requested parts of the evidence after they have retired and begun deliberations. [Cits.]" *Byrd v. State*, 237 Ga. 781, 782 (229 SE2d 631) (1976). See also *Waters v. State*, 174 Ga. App. 916 (2) (331 SE2d 893) (1985). We find no ground for reversal.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 3, 1986.

*Bobby Lee Cook, James F. Wyatt III*, for appellant.
*Stephen A. Williams, District Attorney, Kermit N. McManus, Assistant District Attorney*, for appellee.