A89A1930. NOLTON v. THE STATE.
(387 SE2d 364)

BANKE, Presiding Judge.

The appellant was convicted of trafficking in cocaine. He contends on appeal that the trial court erred in denying his motion to suppress certain evidence and that the evidence as a whole was, in any event, insufficient to support his conviction.

The appellant was arrested during the execution of a search warrant for a business known as A-1 Remodeling and Carpet Mart. The warrant had been obtained on the basis of information received from an informant to the effect that a black male by the alias "Burns" and a black female by the alias "Pat" were selling and storing drugs at that location. Three persons were present on the premises when the officers arrived to execute the warrant: the appellant, who was standing behind the store counter, an individual named Arthur Winston, who was sitting in the office using the telephone, and an individual named Charlene Grover, who was lying on a bed in the basement. Small quantities of marijuana and cocaine were seized from under the counter behind which the appellant was standing; and approximately a gram of cocaine was also seized from atop the desk in the office, along with a gun, $4,040 in cash and $9,000 in food stamps. A search of the basement resulted in the discovery of approximately 45 grams of 90 percent pure cocaine inside one or more of the electrical panel boxes located there.

All of the occupants were immediately taken into custody, and a set of keys was seized from the appellant's person, one of which fit

the lock on the front door. At some point during the raid the appellant stated to police that he was the manager of the business. Testifying as a defense witness, the owner of the business, Ernestine Howard, stated that the appellant "sometimes" managed the business. Winston and Grover were indicted and tried for trafficking in cocaine along with the appellant; however, only the appellant was convicted. The trial judge directed a verdict in favor of Grover, and Winston was found not guilty by the jury. *Held*:

1. The appellant contends that the police did not have probable cause to arrest and search him immediately upon entering the premises and that, consequently, the evidence that he had claimed to be the manager and that he had been in possession of a key to the front door should have been suppressed. However, defense counsel affirmatively stated that he had no objection to the admission of the key at the time it was tendered as evidence, and the appellant's statement that he was the manager was merely cumulative of other testimony establishing without dispute that he was the employee in charge of the premises at the time of the raid. Accordingly, this enumeration of error establishes no ground for reversal.

2. "In *Ivey v. State*, 226 Ga. 821 (4) (177 SE2d 702) the Supreme Court approved the rule that where the evidence on the possession of contraband is entirely circumstantial, it is usually sufficient to convict where the proof shows the premises to be occupied by and under the control of the accused, but if the proof also shows that others than the accused have equal right of access and occupancy it is usually insufficient." *Ennis v. State*, 130 Ga. App. 716, 717 (204 SE2d 519) (1974). Although there was evidence in this case that other employees besides the appellant had access to the premises, the jury could reasonably have concluded that, as the employee in charge of the premises, the appellant enjoyed a right of access which was superior to that of anyone else other than Ms. Howard, who denied any knowledge of the presence of the contraband. The evidence showed without dispute that co-defendant Winston had entered the premises to use the telephone only about 30 minutes before the raid and that Grover, who was not even an employee, was merely using the basement as a temporary resting place because she was eight months pregnant and was not feeling well.

"If contraband is not in an open, notorious and equally accessible area, the equal access rule does not apply. This rule is not invoked as to persons who visit the [premises] prior to the search unless they are shown to have been on the premises either previously or frequently so as to have equal access with the defendant. [Cit.]" *Manbeck v. State*, 165 Ga. App. 625, 626 (3) (302 SE2d 361) (1983). Because the cocaine which was hidden in the electrical boxes would not have been equally accessible to others with less authority and control over the premises

than the appellant, and because it could be inferred from the open presence of the other cocaine which was seized that the appellant was aware that drug trafficking was occurring on the premises, we conclude that a rational trier of fact could reasonably have found him guilty as charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

### On Motion for Rehearing.

On motion for rehearing, counsel for the appellant asserts that in holding that the appellant waived his objection to the introduction of the key into evidence, we overlooked the rule that a failure to object at trial to evidence which has already been ruled admissible in response to a motion to suppress does not constitute a waiver. See *Kilgore v. State*, 247 Ga. 70 (274 SE2d 332) (1981). However, we reiterate that counsel did not merely fail to object to the introduction of the key as evidence; he affirmatively stated upon inquiry by the trial court that he had "no objection" to it at the time it was tendered. We have no rule in this state which prohibits counsel from affirmatively waiving or withdrawing an objection previously made. The motion for rehearing is accordingly denied.

### Decided September 28, 1989 — Rehearing denied October 16, 1989.

*Herbert Shafer*, for appellant.

*Lewis R. Slaton, District Attorney, John G. Isom, Richard E. Hicks, Joseph J. Drolet, Assistant District Attorneys*, for appellee.