## A96A2400. CHANEY v. THE STATE.
(482 SE2d 398)

BEASLEY, Judge.

Chaney was convicted of trafficking in cocaine (OCGA § 16-13-31) and possession of more than one ounce of marijuana (OCGA § 16-13-30). His motion for new trial was denied.

The evidence introduced at trial showed that on the morning of July 13, 1994, Chaney flew from Los Angeles to Atlanta on a one-way ticket. He arrived at the Atlanta airport at about 7:30 a.m. and was stopped by DEA agents. After consenting to a search of his checked bag, Chaney and the two agents went to the baggage claim area on different trains. When his train arrived, Chaney disembarked and disappeared into the crowd. The agents could not find him but retrieved his bag. After a drug detection dog reacted positively to the bag, it was searched, and cocaine and marijuana were found inside.

1. Chaney's first enumeration is controlled by *Edmonson v. State*, 212 Ga. App. 449, 452 (4) (442 SE2d 300) (1994): "[he] claims the trial court erred by [dismissing] his motion to suppress admission of the [evidence] on the basis that it was obtained by an illegal search. When the [evidence] was offered by the State for admission at trial, defense counsel stated that there was no objection to its admission; therefore the right to contest admission of the evidence on appeal was waived. [Cits.]"

2. The second enumeration is that the court erred in denying his motion for new trial on the ground that the State failed to disclose favorable evidence.

At trial, Chaney's friend McLaughlin appeared as his key alibi witness. He testified that between 8:30 and 9:00 p.m. on July 13, 1994, Chaney came to his house in Los Angeles and the two of them went to a club. When asked on cross-examination whether there was anyone who could corroborate his testimony, he responded that there was not. He testified that although he lives with his mother, she was not at home when Chaney arrived to go to the club.

Chaney sought a new trial based on sworn affidavits of McLaughlin and his mother, Turesi Faniel. The substance of these affidavits was that during the course of the trial, the prosecuting attorney contacted Faniel in Los Angeles and was told by her that she saw her son and Chaney in her home between 8:00 and 8:30 p.m. on the evening of July 13 before they left to go to the club. The issue is whether the State's failure to inform Chaney of his telephone conversation violated *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

"*Brady*, 373 U. S. at 83, holds that suppression of exculpatory material evidence violates due process." *Carroll v. State*, 222 Ga. App. 560, 561 (474 SE2d 737) (1996). "The proper test for determining materiality when the prosecutor has failed 'to disclose favorable evidence pursuant to no request, a general request, or a specific request for evidence by the accused' is that ' "(t)he evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." ' [Cit.]" *Massengale v. State*, 189 Ga. App. 877, 881-882 (4) (377 SE2d 882) (1989).

Although McLaughlin and Faniel both swore that Chaney was at their home in Los Angeles on the evening of July 13, McLaughlin's affidavit contradicted Faniel's and his own trial testimony that she was not at home when Chaney was there. Neither McLaughlin nor Faniel appeared at the hearing on Chaney's motion for new trial, and this discrepancy is unexplained. Moreover, Chaney's presence in Los Angeles at approximately 8:30 p.m. was not shown to exclude the possibility that he was present in Atlanta at approximately 7:30 a.m. the same day. There being no reasonable probability that Faniel's testimony would have resulted in Chaney's acquittal, he had no right to a new trial.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 14, 1997.

*William H. Turner, Jr.*, for appellant.

*Robert E. Keller, District Attorney, David B. Hornsby, Assistant District Attorney*, for appellee.