A98A1666. DYER v. THE STATE.
(505 SE2d 71)

BEASLEY, Judge.

Convicted of possessing and manufacturing marijuana (OCGA § 16-13-30 (a), (b)), Henry Dyer enumerates as error the court's denial of his motion to suppress evidence obtained at or near his farm when a hunter led police to a stash of marijuana discovered while hunting. The court concluded that the evidence was found outside the curtilage of Dyer's residence and thus was not protected by the "search and seizure" provisions of the Fourth Amendment.

Dyer unsuccessfully moved to suppress the marijuana and other items seized from his farm and the nearby woods on the ground the

---

police had no warrant to search this area. On five occasions during trial, including retender, the State tendered four groups of these items or pictures of them into evidence. On three of these occasions, Dyer's counsel volunteered that he had no objection to the admission of the evidence. On the other two, including when the State retendered all of its exhibits, the court inquired whether Dyer had any objections, to which Dyer's counsel responded "no."

In *Nolton v. State*[1] the merits of the denial of defendant's motion to suppress a key seized from his person were affirmed because the issue was waived. During trial "counsel did not merely fail to object to the introduction of the key as evidence; he affirmatively stated upon inquiry by the trial court that he had 'no objection' to it at the time it was tendered. We have no rule in this state which prohibits counsel from affirmatively waiving or withdrawing an objection previously made."[2] *Maness v. State*[3] similarly concluded: "When defense counsel stated that he had no objection to the introduction of the evidence, he waived any objection which might have been urged including those contained in the motion to suppress."

*Mattingly v. State*[4] approximates the facts of this case. Defendant unsuccessfully moved to suppress evidence of marijuana seized from his home. "Although defendant argued during his motion to suppress hearing the evidence seized during the search of his home was inadmissible because the search was illegal, he did not offer that objection at trial. When each item of evidence seized during the search was offered for admission at trial, defendant affirmatively stated he had no objection. . . . Thus, defendant affirmatively waived and failed to preserve his right to contest the admission of the evidence on appeal on the grounds raised in the motion to suppress."[5]

*Failing* to object at trial is not a waiver of the motion to suppress grounds,[6] but *affirmatively stating* there is no objection in effect concedes the point.[7] Dyer waived his claim of illegal search by repeatedly

---

[1] 193 Ga. App. 200, 201 (1) (387 SE2d 364) (1989).
[2] Id. at 202.
[3] (Citations and punctuation omitted.) 159 Ga. App. 707, 708 (285 SE2d 193) (1981).
[4] 205 Ga. App. 777 (1) (423 SE2d 709) (1992).
[5] (Citations omitted.) Id.
[6] *Kilgore v. State*, 247 Ga. 70 (274 SE2d 332) (1981).
[7] See *Chaney v. State*, 224 Ga. App. 663 (1) (482 SE2d 398) (1997) (affirmative statement of "no objection" waives issue); *Edmonson v. State*, 212 Ga. App. 449, 452 (4) (442 SE2d 300) (1994) (affirmative statement there was no objection to knife that was subject of pretrial motion to suppress waives appeal on issue); *Bowe v. State*, 201 Ga. App. 127, 128 (1) (410 SE2d 765) (1991) (affirmative statement of "no objection" waives right to appeal denial of motion to suppress); *Nolton*, supra, 193 Ga. App. at 202; *Wilbanks v. State*, 176 Ga. App. 533, 534 (336 SE2d 312) (1985) (response of "no" to inquiry by trial court of any objections waives right to contest motion to suppress); *Abrams v. State*, 144 Ga. App. 874 (1) (242 SE2d 756) (1978) (by stating he had no objection, defendant waived right to pursue motion to suppress denial); *Carter v. State*, 137 Ga. App. 823 (225 SE2d 64) (1976) (same).

stating he had no objections to admitting the seized items. It was too late to raise it in the motion for new trial long after the jury had returned its verdict and a ruling on the objection might have altered the body of evidence over which the jury deliberated.

There being nothing further for this Court to decide, the conviction is affirmed.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 4, 1998.

*Scott J. Forster*, for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.