A99A0689. CARTER v. THE STATE.
(520 SE2d 15)

RUFFIN, Judge.

A jury found Kenya Carter guilty of selling cocaine, trafficking in cocaine, possession of a controlled substance, and possession of a controlled substance within 1,000 feet of a housing project. Carter appeals, contending that the trial court erred in denying his motion to suppress evidence and in admitting hearsay evidence of a witness's prior consistent statement. Because these contentions are without merit, we affirm.

At trial, Officer Byron Hickey of the Columbus Police Department testified that he learned from a confidential informant that Carter was selling crack cocaine at an apartment he shared with his girlfriend, Annie Dunn. Hickey arranged for the informant to visit the apartment, wearing a recording device, and make a "controlled

purchase" of crack cocaine using marked money supplied by police. After the informant returned with the crack, he gave a tape-recorded statement to police in which he recounted that he "went to Kenya['s] house and purchased a twenty-cent piece of crack cocaine." The informant further stated that Dunn also was present at the apartment, braiding her daughter's hair and slightly obscured from the informant's view. Police then obtained a search warrant for the apartment, where they discovered containers of crack cocaine and marijuana, large quantities of cash (including the marked bill the informant had used), a scale, and two handguns.

1. Prior to trial, Carter moved to suppress the evidence police discovered during the search of the apartment, arguing that the warrant was invalid and that the police lacked probable cause for the search. The trial court denied the motion. At trial, the State moved for the admission into evidence of each seized item, and Carter's counsel affirmatively stated that he had no objection. Carter contends that the trial court erred in denying his motion to suppress.

However, Carter has waived his right to appellate review of his motion to suppress. We recently addressed this issue in *Dyer v. State*, 233 Ga. App. 770 (505 SE2d 71) (1998), which involved nearly identical facts:

> Defendant unsuccessfully moved to suppress evidence of marijuana seized from his home. Although defendant argued during his motion to suppress hearing the evidence seized during the search . . . was inadmissible because the search was illegal, he did not offer that objection at trial. When each item of evidence seized during the search was offered for admission at trial, defendant affirmatively stated he had no objection.

(Punctuation omitted.) Id. at 771. We reasoned that *"[f]ailing* to object at trial is not a waiver of the motion to suppress grounds, but *affirmatively stating* there is no objection in effect concedes the point." (Footnotes omitted; emphasis in original.) Id. Carter affirmatively stated at trial that he had no objection to the admission of the evidence seized. Thus, Carter "waived and failed to preserve his right to contest the admission of the evidence on appeal on the grounds raised in the motion to suppress." (Punctuation and footnote omitted.) Id. See also *Chaney v. State*, 224 Ga. App. 663 (1) (482 SE2d 398) (1997); *Mattingly v. State*, 205 Ga. App. 777 (1) (423 SE2d 709) (1992).

2. Carter also argues that the trial court erred in admitting, over his hearsay objection, the tape-recorded statement made by the informant immediately following the controlled purchase. We find no error.

A witness's prior consistent statement is admissible at trial where "(1) the veracity of [the] witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination." *Woodard v. State*, 269 Ga. 317, 320 (2) (496 SE2d 896) (1998). Carter argues that the informant's veracity was not in issue because Carter did not cross-examine the informant. However, the veracity of a witness may be placed in issue either "expressly or impliedly." *Cuzzort v. State*, 254 Ga. 745, 746 (334 SE2d 661) (1985) (Bell, J., concurring specially); *McGee v. State*, 205 Ga. App. 722, 726 (9) (423 SE2d 666) (1992). Here, the crux of Carter's defense was that the informant purchased crack cocaine not from Carter, but from Dunn. Carter's attorney thoroughly cross-examined Officer Hickey, asking at one point, "Is it true that your informant went to that apartment looking for Kenya Carter but Annie Dunn sold him the cocaine?" The defense sought to advance a version of events contrary to the informant's testimony that he bought the drugs from Carter while Dunn was braiding her daughter's hair. Thus, Carter placed the informant's veracity in issue.[1] The other requirements set forth in *Woodard* also were satisfied, as the informant testified at trial and was available for cross-examination. Accordingly, the trial court did not err in admitting the informant's prior consistent statement.

Even if the requirements for admission of a prior consistent statement were not satisfied, any error in admitting the tape-recorded statement was harmless. "The erroneous admission of [a] witness's hearsay statements is only reversible if it appears likely that the hearsay contributed to the guilty verdict." *Woodard*, supra at 324 (4). The State presented substantial evidence in addition to the informant's taped statement that the informant purchased crack cocaine from Carter, not Dunn. The informant testified in court about the controlled purchase and identified Carter as the person who sold him the drugs. Officer Hickey corroborated the informant's account. The informant also testified that he had previously been to

---

[1] *Woodard* states that a witness's veracity is placed in issue "if affirmative charges of recent fabrication, improper influence, or improper motive are raised *during cross examination*." (Emphasis supplied.) *Woodard*, supra at 320. However, neither *Woodard* nor any of the cases cited therein states that a witness's veracity may be impugned *only* during cross-examination *of that witness*. We have recognized that a witness's veracity may be put in issue by means other than cross-examination of the witness. See, e.g., *Williams v. State*, 210 Ga. App. 437, 439 (3) (436 SE2d 550) (1993) (prior consistent statement was admissible to rehabilitate prosecution witness whose veracity was challenged by defense witness's contrary testimony); *Patterson v. State*, 180 Ga. App. 194, 195 (348 SE2d 578) (1986) (child molestation victim's veracity was placed in issue by defendant's "denial that any molestation ever took place," as well as by cross-examination). In any event, the informant's veracity in this case *was* called into question during cross-examination — albeit cross-examination of Officer Hickey and not the informant himself.

the apartment to see Carter, but never to visit Dunn. Finally, the State played a tape recording of the controlled purchase in which the informant speaks to "Kenya" but does not mention Dunn. Thus, the informant's out-of-court statement was " 'cumulative of other legally admissible evidence of the same fact[s],' " and its admission was harmless. *Griffis v. State*, 222 Ga. App. 322, 324 (2) (474 SE2d 119) (1996).

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 25, 1999.

*Michael E. Garner*, for appellant.

*J. Gray Conger, District Attorney, Alonza Whitaker, Assistant District Attorney*, for appellee.