**SECOND DIVISION**
**BARNES, P. J.,**
**MCFADDEN and MCMILLIAN , JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**February 27, 2013**

# In the Court of Appeals of Georgia

A12A2405. THOMPSON v. THE STATE.

MCFADDEN, Judge.

Ayrton Thompson appeals from his conviction for burglary. A resident of the burgled house identified him in a pretrial photographic lineup and later in court at his jury trial. Thompson argues that the trial court should not have allowed evidence of either identification because the pretrial photographic lineup was impermissibly suggestive and it tainted the later in-court identification. We affirm, because there was evidence to show that the witness had an independent basis for the in-court identification and Thompson did not preserve for appellate review his objection to the pretrial identification.

1. *Facts and procedural background.*

The night of April 24, 2009, the witness awoke to find two men in her house and her grandson's game console disconnected and placed on the floor near a door leading to her garage. She testified at trial that she got a clear view of the two men and recognized them as neighbors and acquaintances of her daughter. They had spent time at the witness's house and she had seen them around the neighborhood over a period of eight to ten years. She knew one of the men by his name, Cyrus Love, but did not know the second man's name. The witness told the men to get out of her house and they left; she then called the police.

The witness subsequently described the second man to her daughter, who told the witness that she knew him as "A. T." The witness gave this information to the police, who determined that Ayrton Thompson was an acquaintance of Cyrus Love. On May 13, an officer showed the witness a photographic lineup containing Thompson's picture. From the lineup, she immediately identified Thompson as the second man involved in the burglary.

Thompson moved to suppress this pretrial identification and any subsequent identification of him by the witness at trial. After a hearing, the trial court denied the motion on the grounds that the photographic lineup had not been impermissibly suggestive and that the witness knew Thompson and had recognized him at the time

of the burglary. At trial, the state introduced evidence of the pretrial identification, to which Thompson's counsel stated that she had no objection. Also at trial, the witness identified Thompson as one of the burglars.

2. *In-court identification.*

Thompson argues that the witness's in-court identification of him was inadmissible because it was tainted by a pretrial identification based upon an impermissibly suggestive photographic lineup, and he advocates for us to adopt stricter requirements for pretrial identification procedures. But even if the pretrial identification was tainted, the witness's later in-court identification of Thompson as the second burglar was not inadmissible, because it "[did] not depend upon the prior identification but ha[d] an independent origin." (Citation and punctuation omitted.) *Wilson v. State*, 275 Ga. 53, 59 (3) (562 SE2d 164) (2002).

The witness testified that her identification of Thompson was based on her familiarity with him as a neighbor and friend of her daughter over a period of years. Consequently, her identification of Thompson in court was admissible even if the pretrial identification procedures were impermissibly suggestive. See *Humphrey v. State*, 281 Ga. 596, 597-598 (1) (642 SE2d 23) (2007) (witness's identification of defendant at trial did not depend on prior identification but had independent origin

3

where witness knew defendant by sight from living in same apartment complex, clearly viewed defendant leaving crime scene, and testified that he had "known all along" the identity of the person he had seen; thus, in-trial identification was admissible even if pretrial identification procedure was tainted). See also *Escobar v. State*, 279 Ga. 727, 729 (2) (620 SE2d 812) (2005); *Fletcher v. State*, 277 Ga. 795, 797 (3) (596 SE2d 132) (2004); *Wilson*, 275 Ga. at 59 (3).

3. *Pretrial identification.*

Thompson argues that the trial court erred in denying his motion to suppress evidence of the witness's pretrial identification of him, but when, at trial, the state sought to admit evidence of the photographic lineup and the witness's identification of Thompson from that lineup, Thompson's counsel stated: "No objection." "In doing so, counsel waived any objection, including those raised in his motion to suppress." (Citation omitted.) *Moore v. State*, 272 Ga. 201, 204 (6) (528 SE2d 504) (2000); see also *Dyer v. State*, 233 Ga. App. 770, 771 (505 SE2d 71) (1998) ("*[f]ailing* to object at trial is not a waiver of the motion to suppress grounds, but *affirmatively stating* there is no objection in effect concedes the point") (citations omitted; emphasis in original).

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*

4