## 52525. RADFORD v. THE STATE.

BELL, Chief Judge.

The defendant was convicted of theft by taking. *Held:*

1. The indictment alleged that defendant was
known by several aliases. At trial defendant orally
objected to the jury being informed of the allegations
concerning an alias on the grounds that it placed the
defendant's character in issue. It is permissible in Georgia
for a grand jury to allege in an indictment that the
defendant has been known under several aliases, which
allegations are made for the purpose of proper
identification. *Andrews v. State,* 196 Ga. 84 (26 SE2d
263). Further, we know of no authority which grants to a
trial judge the discretionary power to strike or otherwise
prevent a jury from hearing or seeing the allegations
pertaining to an alias on the ground that it places the
defendant's character in issue.

2. Defendant also maintains that error was
committed by the use of the aliases in connection with the
allegations in the indictment that defendant had also
violated the recidivist statute. This issue was not raised
and ruled on during trial and it will not be considered on
appeal. *Sanders v. State,* 134 Ga. App. 825 (216 SE2d 371).

3. The court charged the jury on asportation. It is
contended that the words with "intent to steal" should
have been included in this part of the charge. There is no
merit to this argument as elsewhere in the charge the jury
was instructed that an intent to commit theft was an
essential element of the crime charged; and that the
asportation or taking of the property must be with the

intention of depriving another of his property.

*Judgment affirmed. Clark and Stolz, JJ., concur.*

SUBMITTED SEPTEMBER 20, 1976 — DECIDED OCTOBER 26, 1976.

*Robert C. Ray,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys,* for appellee.