### 75822. SCOTT v. THE STATE.
### 75823. ECHOLS v. THE STATE.
(366 SE2d 196)

BANKE, Presiding Judge.

Appellants Scott and Echols were jointly tried and convicted of kidnapping and rape. Echols was additionally found guilty of giving a false name to a law enforcement officer. Each has filed a separate appeal from the denial of his motion for new trial. *Held*:

1. Appellant Scott's sole enumeration of error is directed to the trial court's denial of his motion to prohibit any reference to himself by his alias, "Iceman." The evidence showed that Scott was commonly known by the name Iceman and that the name "Ice" was inscribed on his billfold. It is permissible under Georgia law for an indictment to allege that a defendant has been known by an alias. *Radford v. State*, 140 Ga. App. 195 (1) (230 SE2d 345) (1976). It is also permissible for a jury to hear or see the allegation pertaining to the alias, and such a reference or disclosure does not, in and of itself, place the defendant's character in issue. Id. We are unable to address the appellant's contention that the reference to his alias prejudicially connected him to certain newspaper articles concerning an unrelated

robbery, as this contention is based on factual representations in his brief which do not appear in the record. See *Morrison v. State*, 181 Ga. App. 440 (352 SE2d 622) (1987). Based on these considerations, we find this enumeration of error to be without merit.

2. Appellant Echols enumerates as error the failure of the trial court to sever his trial from that of Scott, arguing that severance was mandated by the "probability" that prejudice would arise from anticipated testimony disclosing certain unrelated criminal conduct engaged in by Scott. Certainly, one element to be considered by a trial judge in exercising his discretion to grant a severance is "whether there is danger that evidence implicating one defendant will be considered against another defendant despite cautionary instructions to the contrary." *Murphy v. State*, 246 Ga. 626, 629 (273 SE2d 2) (1980). However, it appears that the prejudicial testimony anticipated by Echols did not occur. Accordingly, we hold that the trial court did not manifestly abuse its discretion in refusing to grant a severance. See generally OCGA § 17-8-4.

3. Appellant Echols further contends that his rape conviction must be reversed due to lack of evidence establishing penetration on his part. The evidence showed that Scott had sexual intercourse with the victim while Echols held her by the neck and sexually molested another part of her body. "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. A person is concerned in the commission of a crime . . . if he . . . [i]ntentionally aids or abets in the commission of the crime. . . ." OCGA § 16-2-20 (b) (3). The jury was authorized to find that Echols had aided and abetted the rape and was therefore a party to the commission of the crime. See *Carter v. State*, 168 Ga. App. 177 (3) (308 SE2d 438) (1983). Hence, Echols' second enumeration is also without merit.

*Judgments affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 4, 1988 —
REHEARING DENIED FEBRUARY 19, 1988.

*Kenneth H. Cail*, for appellant (case no. 75822).
*William S. Lewis*, for appellant (case no. 75823).
*Spencer Lawton, Jr.*, District Attorney, *Jeffrey S. Hendrix*, Assistant District Attorney, for appellee.