## A94A2631. JENKINS v. THE STATE.
(454 SE2d 543)

BIRDSONG, Presiding Judge.

James Lee Jenkins appeals his conviction of robbery by force. He contends the trial court erred by admitting his statement in evidence, by allowing in evidence the hearsay statement of the victim and the victim's identification of Jenkins, and by refusing to redact his aliases from the indictment. Jenkins also contends the verdict was greatly against the weight of the evidence. *Held*:

1. On appeal this court reviews the sufficiency, not the weight, of the evidence and we view the evidence in the light most favorable to the jury's verdict. Thus, we have no power to grant a new trial based on the weight of the evidence. Considering the evidence as we must, we find ample evidence to sustain this conviction within the meaning of *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560). In addition to his identification by the victim, when he was apprehended, Jenkins had in his possession property taken from the victim.

2. Jenkins' contention that the trial court erred by allowing the victim to read his prior consistent statement is without merit. *Edwards v. State,* 255 Ga. 149, 150-151 (335 SE2d 869). Although Jenkins asks us to reject this precedent of our Supreme Court and adopt another approach, this court has no such authority. Moreover, our law authorizes rehabilitation of witnesses through prior consistent statements. *Knight v. State,* 210 Ga. App. 228, 230 (435 SE2d 682).

3. Jenkins also contends that his identification by the victim was impermissibly tainted and, thus, inadmissible because he was identified in a showup as he sat alone in the rear of a police car. The mere fact that Jenkins was in a police car when he was identified, however, does not taint his identification. The victim saw Jenkins four times that night prior to his identification and refused to identify another person who matched Jenkins' physical description. Under the circumstances, as the victim identified Jenkins shortly after the event (*Ingram v. State,* 211 Ga. App. 821, 822 (441 SE2d 74)), and the circumstances of the showup were not sufficient to taint the victim's identification of Jenkins, there was no error. *Baines v. State,* 201 Ga. App. 354, 357 (411 SE2d 95).

4. The trial court also did not err by refusing to redact Jenkins' aliases from the indictment. *Radford v. State*, 140 Ga. App. 195 (230 SE2d 345).

5. Jenkins contends the trial court erred by admitting in evidence his statement to the police that he had not robbed the victim, and that his twin brother had committed the crime. Although Jenkins contends he had not been advised of his rights at the time he gave this statement, the evidence showed that he made this statement after having been given the *Miranda* warnings, and that in any event, Jenkins spontaneously made these statements to the police. Accordingly, there was no error.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 2, 1995 —
RECONSIDERATION DENIED FEBRUARY 28, 1995 —

*C. Jackson Burch*, for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney*, for appellee.