A95A1074. PAINTER v. THE STATE.
(465 SE2d 290)

RUFFIN, Judge.

Ernest Painter was convicted of attempted rape, two counts of attempted sodomy, and possession of a firearm during the commission of a felony. The victim was his daughter-in-law, who lived one house away from Painter at the time of the crimes. Painter alleges seven errors on appeal, primarily challenging the sufficiency of the evidence and the admission of similar transaction evidence. For reasons which follow, we affirm.

1. Painter contends the verdict was strongly against the weight of

the evidence. Viewing the evidence in a light most favorable to the verdict, it shows that the victim testified that on two separate occasions, Painter raped her and compelled her against her will to engage in sodomy and threatened to kill her family members if she told anyone. She experienced rectal bleeding and pain and knew she had been penetrated with some object. The victim testified that during the commission of the sexual offenses, Painter threatened her with a gun and tore her clothing on one occasion. Painter's son confirmed that Painter regularly carried a gun on his person and that both he and his wife were afraid of his father. The son also testified that he discovered torn women's clothing in their bathroom trash receptacle and that at one point his wife suffered from rectal bleeding. He also stated he noticed unexplained bruises on his wife.

Painter presented a urologist who testified that in May 1994, Painter was impotent and the testimony of a chiropractor that Painter had a bad back. The chiropractor speculated that Painter could not have performed sexual activity at the time the chiropractor examined him for back problems in October 1992 and September 1993.[1]

On appeal, this court's review is limited to the sufficiency, not the weight of the evidence. *Jenkins v. State*, 216 Ga. App. 433 (1) (454 SE2d 543) (1995). Having considered the evidence in a light most favorable to the verdict, we find it sufficient to sustain the conviction on all charges within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Painter claims the court committed reversible error in allowing Painter's daughter's testimony concerning older, similar unindicted offenses and certain older offenses to show her state of mind in not reporting the offense. We disagree.

In order to protect an accused and to insure him of a fair and impartial trial before an unbiased jury, we have long embraced the fundamental principle that the general character of an accused is inadmissible unless the accused chooses to put his character in issue. *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952).

The test for admissibility of similar transaction evidence is satisfied if the evidence is admitted for some substantially relevant purpose other than to show a probability that the defendant committed the crime for which he is on trial because he is a person of criminal character. *Spead v. State*, 218 Ga. App. 547 (462 SE2d 635) (1995). However, before evidence of other crimes is admitted, the State must make the following affirmative showings: (1) that the State seeks to

---

[1] The indictment charged Painter with rape and aggravated sodomy in June 1992 and also in October 1993.

introduce evidence of the independent offense or act, not to raise an improper inference regarding the defendant's character, but for some appropriate purpose which is deemed to be an exception to the general rule of admissibility; (2) there is sufficient evidence to establish that the defendant committed the independent offense or act; and (3) there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

Prior to trial, the court conducted a hearing to determine the admissibility of the State's proposed similar transaction testimony of five alleged victims: Painter's three adult daughters, his granddaughter, and a former foster child who had resided with Painter for several years. All of the alleged victims were family members over whom Painter had close control or in the case of his granddaughter and the foster child, were persons with whom he had ready and easy access. The court determined most of the State's proposed similar transaction testimony was inadmissible, either because it was more than 31 years old or not sufficiently similar to the indicted charges. The court decided to admit only the testimony of one of Painter's daughters, his middle daughter, and restricted her testimony to events occurring when she was about 17, that showed why she failed to report that her father, Painter, had raped her.

With respect to the evidence it deemed admissible, the court ruled on narrow grounds, permitting only one of the allegedly similar acts, a rape of his middle daughter which occurred during her senior year in high school, 1963-1964. The court allowed this one incident because the passage of time did not exceed the maximum 31 years allowed by *Gilstrap v. State*, 261 Ga. 798 (410 SE2d 423) (1991).

After examining the record and transcript, we are satisfied that the State adequately made the three affirmative showings required by *Williams v. State*, supra. Thus, the court did not err in admitting evidence of the earlier rape.

Painter also claims the court improperly allowed the expansion of the daughter's testimony as to earlier rapes of her by Painter and argues that such evidence should have been time-barred by the holding of *Gilstrap*, supra. However, we determined in *Starnes v. State*, 205 Ga. App. 882 (424 SE2d 4) (1992) that although *Gilstrap* may have set the outer time limit for isolated events, this limitation does not apply to situations involving a continuous course of similar or identical conduct. Id. at 883. Here, the daughter testified to a continuing pattern of abuse, whereby Painter raped her an average of once per week, from seventh grade through twelfth grade. Similarly, Painter's daughter-in-law, the victim of the crimes in this case, testified to a pattern of abusive sexual conduct continuing over many

years that ultimately culminated in the indicted crimes.

Moreover, the lapse of time between the prior alleged similar transactions and the indicted offenses, goes to the weight and credibility of such testimony, not its admissibility. *Cooper v. State*, 173 Ga. App. 254 (1) (325 SE2d 877) (1985). Prior to the witness' testimony, the court gave a limiting instruction to the jury regarding her testimony, explaining it would be admitted for the limited purpose of showing Painter's common design, scheme, plan, course of conduct or motive. Accordingly, the testimony was properly admitted for a limited purpose of showing Painter's bent of mind or course of conduct, whereby he would subject female relatives to sexual abuse and then threaten them not to tell anyone. Id. at 255.

3. Painter contends the trial court erred in allowing the victim to testify that Painter had sexually molested her daughter, Painter's granddaughter.

At the evidentiary hearing, the court excluded the proffered testimony of the victim's older daughter on grounds that Painter's alleged molestation of her was not sufficiently similar to the indicted crimes involving her mother. During the trial, the victim testified that her decision to reluctantly report Painter to the police and her family was prompted by her daughter's revelation to her that Painter had attempted to molest her when she was ten or eleven years old. On cross-examination, the victim explained that she finally filed criminal charges against Painter for raping and sodomizing her on two occasions because she was fearful of what Painter might do to her other, younger daughter. The court allowed the victim to explain that because she believed Painter had molested her older daughter, she decided to file charges against Painter in order to protect her eight-year-old daughter. The victim's testimony about her older daughter's comments to her was not offered to prove whether or not the older daughter had been molested, but rather, to show what prompted the victim to report the crimes. Conversations may be properly admitted under OCGA § 24-3-2 when they are facts "to explain conduct and ascertain motives. . . ." *Sanborn v. State*, 159 Ga. App. 608 (1) (284 SE2d 110) (1981). Here, the conversation between the victim and her older daughter was offered to explain the victim's conduct and her motivation for going to the police. We find no merit in this enumeration.

4. Painter contends the court erred in failing to grant a directed verdict on the rape charge because there was no testimony of any penetration of the victim by Painter.

The jury convicted Painter of criminal *attempt* to commit rape, not rape. "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. Our review of the record and transcript reveals there

was sufficient evidence by which the jury could have found Painter guilty of this offense. See Division 1 above.

5. Painter claims the trial court erred in failing to grant his motion for directed verdict on the charge of aggravated sodomy (oral) because there was no testimony that the victim's mouth touched his sexual organ.

The victim testified Painter dragged her from the kitchen to the bedroom and that he threatened her with a gun he had in his possession. She testified that after penetrating her rectum and vagina, Painter grabbed her by the back of her head and using both his hands forced her head down to his penis. As he did this, Painter stated he "wanted to finish it" and to "show me what a man was like." Because she had become hysterical, had closed her eyes, and was crying, begging and vomiting, she testified she was not absolutely certain she put her mouth to Painter's penis. She testified on the occasions of both rapes, she thought there had been physical contact between her mouth and Painter's penis.

Having reviewed the record and transcript, we find there was sufficient evidence to submit the charge for aggravated sodomy to the jury, and it was not error to deny Painter's motion for a directed verdict.

6. Painter claims the court erred in denying his motion for a mistrial after his daughter, who testified about Painter's prior rape of her, was allowed to testify that both she and her sister approached their mother, Painter's wife, to tell her Painter had molested them. He argues that because the court had excluded the other sister's testimony regarding similar transactions as too remote in time, admitting the witness' testimony as to acts involving her sister constituted grounds for a mistrial.

The transcript does not show that Painter's daughter testified that her sister had been similarly sexually abused. The State attempted to let her explain why she had not come forward sooner with her testimony against her father and she testified she was afraid, ashamed, and did not know whom to tell. When pressed as to why she had not told anyone, she responded: "I had already [told] my sister and I had already told my mother one time. Who was I supposed to tell? My mother hadn't done anything." She further testified: "My oldest sister approached her first and — told her she might need to talk to me." At this point, Painter moved for a mistrial. Immediately after the above testimony, both the judge and the prosecutor warned the witness not to go into anything her sister told her.

Painter has offered no evidence that his daughter testified about any alleged molestation or rape of either of her sisters by him. Nor does the transcript indicate that the daughter testified that her sister had been similarly victimized. Accordingly, we find no factual basis

for this enumeration.

7. Painter contends the court erred by allowing his granddaughter, the victim's daughter, to testify. Painter argues that by allowing her to testify, her mother's testimony was improperly bolstered.

At the evidentiary hearing, the court ruled against the State's proffer of the granddaughter's testimony, finding the alleged sexual molestation was not sufficiently similar to the indicted offenses. In mid-trial, the State asked the court's permission to allow her testimony for the limited purpose of showing how her revelation that she had been molested by Painter, motivated her mother to come forward and file criminal charges for the sexual abuse she had suffered. The State requested that Painter's granddaughter be allowed to testify to rebut the insinuation that the victim was seeking revenge against Painter because he had testified adversely to her at a custody hearing involving her younger daughter in February 1994, shortly before the victim filed the criminal charges.

Although the court again refused to permit the granddaughter's testimony to be used as similar offense evidence, it allowed her to testify, subject to limiting instructions. According to the transcript, she testified that near the close of the custody hearing, she revealed some "pretty shocking" things involving her grandfather to her mother. Her trial testimony did not indicate the nature of the "startling things" nor did she allege molestation or any particular misconduct. She merely stated that she told her mother about some startling or shocking things involving her grandfather.

We find the testimony was properly admitted by the trial court for the limited purpose of explaining the victim's conduct. See *Davis v. State*, 168 Ga. App. 272 (308 SE2d 602) (1983). The victim's conduct was relevant and material to this case and the testimony was properly admitted by the trial court. The State offered the granddaughter's testimony for the limited purpose of showing its effect on the victim. See *Sanborn*, supra. The testimony was not offered to bolster the victim's credibility as to whether she was victimized by Painter. Rather, the court permitted the testimony for the permissible purpose of showing its effect on the victim, not to demonstrate the truth of the granddaughter's statement. See *Hurston v. State*, 194 Ga. App. 226 (390 SE2d 119) (1990). Accordingly, we do not find this was improper bolstering. "Moreover, even if we were to construe the [granddaughter's] testimony as improper bolstering, we hold that 'in the context of the evidence as a whole, it is highly probable that the testimony in question did not contribute to the verdict.'" *Knight v. State*, 207 Ga. App. 846, 847 (1) (429 SE2d 326) (1993). Accordingly, we find no merit in this enumeration of error.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED DECEMBER 4, 1995 —

*Wade C. Hoyt III*, for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.