A99A1972. TRZEPACZ v. THE STATE.
(523 SE2d 599)

ELDRIDGE, Judge.

A McIntosh State Court jury found Eugene Trzepacz guilty of misdemeanor assault for throwing a large, wooden board at his neighbor. He appeals his conviction. We affirm.

1. Trzepacz challenges the sufficiency of the evidence introduced against him. Viewed in a light most favorable to support the verdict, the evidence shows that Trzepacz and his neighbor, Janice Horn, had a dispute as to the location of the line between their respective properties. Apparently, Horn maintained a flower garden on the line, which garden was surrounded by landscape timber referred to during trial as "border boards." On the evening at issue, Horn discovered that a border board had been removed from the perimeter of her garden. She was putting it back into place when appellant Trzepacz approached. Horn testified that "[h]e was like in a rage and I don't know exactly what he said but he was hollering that it was on his

---

property and that it wasn't on my property." Trzepacz pulled the border board out of the ground and threw it at Horn, who was forced to step back in order to avoid being hit. Afraid that Trzepacz would try to hurt her again, Horn went inside her house. Thereafter, she swore out a warrant for Trzepacz's arrest for simple assault.

An appellate court does not weigh the evidence or determine the credibility of witnesses, but only determines whether the evidence is sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. *Grier v. State*, 218 Ga. App. 637, 638 (463 SE2d 130) (1995). As long as there is some competent evidence, even though contradicted, on each element necessary to prove the State's case, the jury's verdict will be upheld. Id. Here, Horn's testimony was sufficient as a matter of law to establish the elements of the offense of simple assault. OCGA § 16-5-20. The jury believed Horn's version of events and found Trzepacz guilty on the basis thereof. Accordingly, the evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Trzepacz contends that the trial court improperly restricted his right to cross-examine the victim, Janice Horn. However, our review of the record shows that the trial court did not make any ruling at all during defense counsel's cross-examination of Horn, let alone a restrictive one.

The record does reveal, however, that — *following* Horn's cross-examination and outside the presence of the jury — the trial court properly admonished defense counsel for taking it upon himself to throw a border board onto the floor during Horn's cross: "I really don't appreciate your demonstration there, Mr. Cloy. The issue is not whether you can pick it up and toss it like that. Do you understand?"

Contrary to appellant's assertions, defense counsel's throwing of a board to the courtroom floor demonstrated nothing about what occurred between the parties during the incident in question and certainly illustrated nothing about the testimony of Janice Horn. Thus, the trial court properly instructed the jury to disregard defense counsel's personal demonstration.

Since the record shows no restriction whatsoever in defense counsel's cross-examination of Janice Horn, "we find no factual basis for this enumeration." *Painter v. State*, 219 Ga. App. 290, 294-295 (6) (465 SE2d 290) (1995).

3. Equally meritless is Trzepacz's contention that the trial court improperly instructed the jury that the offense of simple assault could be committed in a manner that differed from that charged in the accusation. The trial court's charge on simple assault was a correct statement of the law and tracked the language of the statute. "A charge in the exact language of the statute shows no error. [Cits.]" *Moore v. State*, 207 Ga. App. 892, 894 (2) (429 SE2d 335) (1993).

Further, the trial court specifically charged the jury that they must find Trzepacz guilty of the offense as charged in the accusation, i.e., that appellant "did throw a board in the direction of Janice Horn placing her in reasonable apprehension of receiving a violent injury," and no evidence was adduced to show that an assault could have occurred in any manner other than that charged in the accusation. The trial court also instructed the jury that they were authorized to find Trzepacz guilty of simple assault *only* if they believed beyond a reasonable doubt that the assault was committed "by throwing a board in the direction of Janice Horn placing her in reasonable apprehension of receiving a violent injury." "Examining the charge in toto as we are required to do when determining whether charging error has occurred, we find that error did not occur." (Citations and punctuation omitted.) *Moore v. State*, supra at 894-895 (2).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 18, 1999.

*John B. Cloy*, for appellant.
*Christopher J. Osteen, Solicitor*, for appellee.