A03A0127. NOWLIN v. THE STATE.
(581 SE2d 413)

MILLER, Judge.

Following a jury trial, Darnell Nowlin was convicted of kidnapping and armed robbery in Fayette County. He moved for a new trial, arguing that the trial court erred in admitting a pre-trial photo lineup that stemmed from a traffic stop found proper in Nowlin's earlier appeal (affirmed by this Court) of a separate Gwinnett County conviction. See *Nowlin v. State,* 225 Ga. App. 447, 448-449 (2) (484 SE2d 14) (1997). The trial court denied the motion for new trial, and Nowlin appeals, raising the same argument in his sole enumeration of error. We hold that Nowlin waived his objection to the contested evidence and therefore affirm.

Construed in favor of the verdict, the evidence showed that a male and female used a handgun to rob a movie theater in Fayette County. They forced the manager to go to the theater office and show them how to open the safe, and they then restrained the manager with plastic cords and duct tape. They took money from the safe and escaped. The manager and another employee positively identified Nowlin in a pre-trial photo lineup as the male perpetrator.

Charged with kidnapping and armed robbery, Nowlin moved to suppress the pre-trial photo lineup on the ground that his photo was obtained through an illegal traffic stop by Gwinnett County police, which had resulted in Nowlin's arrest and conviction for a similar robbery of a Gwinnett County movie theater. The trial court denied the motion, reasoning that this Court had already decided the appeal of the Gwinnett County conviction and held that the traffic stop was legal. See *Nowlin*, supra, 225 Ga. App. at 448-449 (2). At trial the State introduced the pre-trial photo lineup as well as the documents showing that the victims of the Fayette County crime identified Nowlin's photo as that of the male robber. When the trial court asked if Nowlin had any objections to the admission of the photos and documents, Nowlin's counsel repeatedly responded that he had no objections.

The jury found Nowlin guilty of the charged offenses, and Nowlin moved for a new trial on the ground that the photo lineups should have been suppressed. The court denied the motion, and Nowlin now appeals on the same ground.

Without deciding whether the taking of a facial photograph by police pursuant to an illegal stop falls within the Fourth Amendment guarantee against unreasonable searches and seizures (see *Key v. State*, 146 Ga. App. 536, 537 (5) (246 SE2d 723) (1978); cf. *Randolph v. State*, 246 Ga. App. 141, 146-147 (3) (b) (538 SE2d 139) (2000)), we hold that Nowlin waived this issue when his counsel affirmatively stated that Nowlin had no objection to the court's admitting either the photo lineups or the documents reflecting the witnesses' identifications of Nowlin's photo. *"Failing* to object at trial is not a waiver of the motion to suppress grounds, but *affirmatively stating* there is no objection in effect concedes the point." (Footnotes omitted; emphasis in original.) *Dyer v. State*, 233 Ga. App. 770, 771 (505 SE2d 71) (1998). Here Nowlin affirmatively stated at trial that he had no objections to the admission of the evidence at issue. "Thus, defendant waived and failed to preserve his right to contest the admission of the evidence on appeal on the grounds raised in the motion to suppress." (Citations omitted.) *Sirmans v. State*, 244 Ga. App. 252, 253 (1) (534 SE2d 862) (2000).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 16, 2003.

*Jackie G. Patterson*, for appellant.
Darnell Nowlin, *pro se.*

*William T. McBroom III, District Attorney, Rhonda B. Kreuziger, Assistant District Attorney*, for appellee.