A04A0998. MEW v. THE STATE.
(600 SE2d 397)

BLACKBURN, Presiding Judge.

Following a jury trial, Raymond Mew appeals his conviction for possession of cocaine with intent to distribute, contending that: (1) the evidence was insufficient to support the verdict; and (2) the trial

---

court erred by denying his motion to suppress the cocaine found in his possession. For the reasons set forth below, we affirm.

1. Mew contends that the evidence was insufficient to support the verdict. We disagree.

> On appeal from a criminal conviction, the evidence is viewed in the light most favorable to the verdict. We do not weigh the evidence or determine witness credibility but only determine whether the evidence is sufficient under *Jackson v. Virginia*.[1] The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Faulkner v. State*.[2]

Viewed in this light, the record shows that, on April 11, 2003, a confidential informant who had proven to be reliable on prior occasions notified police that Mew was seen earlier that day carrying a quantity of crack cocaine which he intended to sell. The informant further stated that Mew was operating out of Room 127 at the Budget Inn and that he would be obtaining a ride from an unknown person.

In response to this information, Officers Nix and Williamson conducted surveillance of the hotel room. While doing so, the officers witnessed Marcia Hilliard pull up to the hotel room in her car, enter for a short period of time, and leave with Mew moments later, as predicted. Based on their prior tip, the officers chose to stop Hilliard and Mew. As the officers approached the car, Mew suddenly began reaching for the center console of the vehicle and would not show the approaching officers his hands. Fearful that Mew was reaching for a weapon, the officers quickly subdued him and placed him in handcuffs.

Officer Williamson then patted Mew down, and he discovered a pill bottle in Mew's pocket containing crack cocaine cut into small rocks for distribution. Williamson found more than $320 along with the crack cocaine.

This evidence was sufficient to support the verdict against Mew. See *Jackson*, supra.

2. Mew contends that the trial court erred by denying his motion to suppress the crack cocaine found in his possession, contending that the officers had no probable cause to search him at the time that he was stopped. Mew, however, has waived this argument.

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Faulkner v. State*, 260 Ga. App. 794 (581 SE2d 365) (2003).

When a prior motion to suppress has been filed, merely failing to object to the admission of the evidence during the subsequent trial does not constitute a waiver of the grounds asserted in the motion. *Kilgore v. State.*[3] But affirmatively stating there is no objection to admission of the evidence in effect concedes the point. See generally *Nowlin v. State.*[4] In this case, when asked at trial whether there was any objection to the admission of the crack cocaine, Mew's attorney affirmatively stated that he had no objection. "Thus, defendant waived and failed to preserve his right to contest the admission of the evidence on appeal on the grounds raised in the motion to suppress." (Punctuation omitted.) Id. at 904.

Moreover, even if Mew had preserved his argument for appeal, we cannot say that the trial court erred in denying his motion to suppress under the facts of this case. See *Meadows v. State*[5] (probable cause existed to stop defendant's vehicle based on reliable informant's tip that defendant was transporting cocaine, tip was corroborated, and defendant did not cooperate in getting out of vehicle during stop).

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED MAY 17, 2004.

*Ernie M. Sheffield,* for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney,* for appellee.

---

[3] *Kilgore v. State,* 247 Ga. 70 (274 SE2d 332) (1981).
[4] *Nowlin v. State,* 260 Ga. App. 903 (581 SE2d 413) (2003).
[5] *Meadows v. State,* 247 Ga. App. 634 (545 SE2d 76) (2001).