## A04A2067. BANKS v. THE STATE.
(605 SE2d 47)

BLACKBURN, Presiding Judge.

Following a jury trial, Broderick Arnez Banks appeals his convictions for kidnapping with bodily injury,[1] armed robbery,[2] aggravated assault,[3] burglary,[4] and possession of a firearm during the commission of certain crimes.[5] He challenges the sufficiency of the evidence and further argues that the court erred in reading the indictment (which set forth his alias) to the jury, in admitting a similar gun as demonstrative evidence, and in admitting a photo not given him during discovery. We hold that the evidence was sufficient, that reading his alias name was appropriate, and that the other alleged errors were waived. Accordingly, we affirm.

1. Banks challenges the sufficiency of the evidence.

In reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to support the jury's verdict and determine if a rational trier of fact could find each essential element of the crimes charged beyond a reasonable doubt. We do not weigh the evidence or determine witness credibility. Conflicts in witness testimony are matters of credibility for the jury to resolve. And as long as there is some evidence, even though contradicted, to support each fact necessary for the state's case, the verdict will be upheld.

(Punctuation and footnote omitted.) *Morgan v. State.*[6] See *Jackson v. Virginia.*[7]

Viewed in this light, the evidence shows that early one morning before opening hours, a man (whose lower face was masked by a bandanna) approached a manager of a fast-food restaurant in the establishment's parking lot and, pointing a gun at her, grabbed her and demanded that she lead him into the establishment. As they entered the manager's office, the bandanna fell off his face, allowing the manager to see the man's face for five to ten seconds. The man then compelled the manager to open both safes in the office and took the money stored in the safes. With the help of an accomplice, the man

---

[1] OCGA § 16-5-40.
[2] OCGA § 16-8-41 (a).
[3] OCGA § 16-5-21 (a).
[4] OCGA § 16-7-1 (a).
[5] OCGA § 16-11-106 (b).
[6] *Morgan v. State*, 255 Ga. App. 58 (1) (564 SE2d 467) (2002).
[7] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

duct-taped the manager's limbs and repeatedly struck her with the gun as she lay face down on the floor. The men left, and the manager contacted police.

The manager identified Banks as the gunman from a photo lineup. At trial, she again identified Banks as the gunman. The jury found Banks guilty of the offenses listed above.

Banks first challenges the sufficiency of the evidence as to the identification of him as the gunman. "The victim's in-court identification of defendant is sufficient under the standard of *Jackson v. Virginia*[, supra] to authorize the jury's verdict that [Banks] is guilty, beyond a reasonable doubt, of the armed robbery [and other offenses] alleged in the indictment." *Hood v. State*.[8] See OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"); *Parks v. State*.[9]

Citing OCGA § 24-4-6, Banks also challenges the evidence as insufficient to disprove alternative hypotheses of innocence. This argument "necessarily presumes that the evidence was entirely circumstantial, a presumption that fails in light of the direct evidence of the victim identifying him [in court]." (Citation omitted.) *Lane v. State*.[10]

2. Banks argues that the court erred in reading to the jury that portion of the indictment identifying Banks as "Broderick Arnez Banks a/k/a Psycho." Banks contends that this alias placed his character in issue.

"It is permissible under Georgia law for an indictment to allege that a defendant has been known by an alias. It is also permissible for a jury to hear or see the allegation pertaining to the alias, and such a reference or disclosure does not, in and of itself, place the defendant's character in issue." (Citation omitted.) *Scott v. State*[11] (indictment properly listed defendant's alias as "Iceman"). See *Hawes v. State*[12] (alias as "Stomper" permissible). Here evidence showed that Banks was also known as "Psycho." We discern no error.

3. Banks argues that the trial court erred in admitting as demonstrative evidence a gun that the victim testified was very similar to the actual gun used in the robbery. Banks claims that because this was not the actual gun used, he was prejudiced by its admission.

Banks's argument fails on two fronts. First, despite his earlier objections to the prosecution's intent to admit the gun, Banks stated

---

[8] *Hood v. State*, 245 Ga. App. 391 (1) (537 SE2d 788) (2000).
[9] *Parks v. State*, 257 Ga. App. 25 (1) (570 SE2d 350) (2002).
[10] *Lane v. State*, 255 Ga. App. 274, 276 (564 SE2d 857) (2002).
[11] *Scott v. State*, 185 Ga. App. 887 (1) (366 SE2d 196) (1988).
[12] *Hawes v. State*, 266 Ga. 731, 732-733 (2) (470 SE2d 664) (1996).

"No objection" in response to the prosecution's actually offering the gun into evidence. By making such an affirmative statement, Banks "waived and failed to preserve his right to contest the admission of the evidence on appeal." (Citation and punctuation omitted.) *Mew v. State*.[13] See *Nowlin v. State*.[14]

Second, even if the issue had been preserved, the court did not err in admitting the gun. "A weapon that was not actually used in the commission of an offense, but which is similar to that which was so used is generally admissible into evidence." (Punctuation omitted.) *Mize v. State*.[15] "Moreover, because the testimony and the instructions of the trial court clearly established that the weapon was admitted for demonstrative purposes only and was not the one used by [Banks], there could be no prejudice such as would infect an otherwise valid verdict and judgment." (Punctuation omitted.) *Stiles v. State*.[16]

4. Banks contends that the court erred in admitting a photograph of the injuries to the victim where the prosecution had not given a copy of that photograph to Banks during pretrial discovery. This contention fails for at least three reasons.

First, Banks misapprehends the duty OCGA § 17-16-4 (a) (3) imposes on the prosecution. "The plain language of the statute does not require the State to take the initiative and 'furnish' the defense with copies of photographs." *McSears v. State*.[17] Rather, just as the prosecution did here, the statute requires only that the State permit the defendant to inspect and copy the photographs. Id. Banks's choice not to conduct that inspection following the State's offer of inspection cannot serve as a basis for error.

Second, Banks stated "No objection" when the contested photograph was actually offered into evidence at trial. Such waived his right on appeal to contest the admission of this evidence. *Mew*, supra.

Third, even if the State had violated its discovery obligation and even if this issue had been preserved for appeal, Banks failed to show that the violation was in bad faith and prejudiced him. "Because he showed neither, the trial court properly admitted the evidence after allowing his attorney the opportunity to inspect it." *Ware v. State*.[18]

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

---

[13] *Mew v. State*, 267 Ga. App. 454, 456 (2) (600 SE2d 397) (2004).

[14] *Nowlin v. State*, 260 Ga. App. 903, 904 (581 SE2d 413) (2003).

[15] *Mize v. State*, 269 Ga. 646, 654 (10) (501 SE2d 219) (1998).

[16] *Stiles v. State*, 216 Ga. App. 308, 309 (2) (454 SE2d 189) (1995).

[17] *McSears v. State*, 226 Ga. App. 90, 91 (1) (485 SE2d 589) (1997).

[18] *Ware v. State*, 273 Ga. 16, 18 (4) (537 SE2d 657) (2000).

DECIDED SEPTEMBER 16, 2004.

Robert H. Alexander III, for appellant.

Patrick H. Head, District Attorney, Amelia G. Pray, Ann B. Harris, Assistant District Attorneys, for appellee.