## A06A0925. GIVENS v. THE STATE.
### (636 SE2d 94)

RUFFIN, Chief Judge.

Terry Givens appeals his convictions for possessing cocaine, obstructing a police officer, and possessing a firearm as a convicted felon. He contends that the trial court erred in denying his motion to suppress his statement to the police and that he received ineffective assistance of counsel, necessitating a reversal of his conviction. Finding no error, we affirm for reasons that follow.

1. In considering an appeal from denial of a motion to suppress, we construe the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts.[1] We accept the trial court's ruling on disputed facts unless clearly erroneous, and we defer to the trial court's determination regarding the credibility of witnesses.[2]

So viewed, the record shows that Officer Kennedy of the DeKalb County Police Department attempted to stop a vehicle being driven by Givens for an "inoperative tag light." Givens jumped from the vehicle while it was still moving and ran in the direction of a wooded area. Kennedy gave chase on foot, drew his weapon, and ordered Givens to the ground. Givens attempted to run again, but was subdued by the officer. Kennedy arrested Givens for obstruction, handcuffed him, and placed him in the back seat of his patrol car. When Kennedy returned to Givens' vehicle, he found a bag on the driver's seat, which contained a loaded gun, cocaine, a green leafy substance, and cutting and measuring tools.

Givens initially denied that the items were his, claiming that he was making a "drop" for someone, and then insisted that Kennedy call a detective to the scene. According to Kennedy, Givens "insisted . . . that he had this . . . information he needed to talk to someone about because he [did not] want to go to jail" and "said he knew something

---

[1] See *Jackson v. State*, 280 Ga. App. 716 (634 SE2d 846) (2006).

[2] See id.

about some boys selling heavy dope . . . something of that nature, and that he could get us information on it or actually work with the detective." Kennedy made contact with the on-call narcotics detective, Detective Jordan, who arrived at the scene approximately one hour later.

Givens told Jordan that "he had something very big he wanted to share with [him]." Jordan then advised Givens of his *Miranda* rights and had him sign the *Miranda* waiver form.[3] After initially stating that someone threw the bag into his car, Givens then explained that a man gave him the bag to deliver to Givens' residence. Jordan wrote out Givens' statement, which reads:

> Mr. Givens stated that a black male gave him the bag which contained marijuana and cocaine to deliver to his residence. Mr. Givens stated that he had a gun inside of the bag which was on the driver[']s front seat, next to Mr. Givens. Mr. Givens stated that he fled from the officer after being stopped.

According to Jordan, Givens read and signed the statement. Givens never gave Jordan "any concrete information" regarding any other incidents or matters other than the subject of his arrest that evening.

Givens moved to suppress his statement, and the trial court held a hearing pursuant to *Jackson v. Denno*.[4] After considering the testimony of Kennedy, Jordan, and Givens, the trial court denied the motion to suppress. Thereafter, the State tendered Givens' statement, at which point defense counsel affirmatively declared that he had "[n]o objection" to the admission of the statement.

Givens contends that the trial court erred in not suppressing his confession given to the police, arguing that his confession was not voluntary because it was based upon a hope of benefit. Pretermitting whether the statement was voluntary, we find that Givens waived this issue when his counsel affirmatively stated that he had no objection to the admission of his statement.[5]

It is well-settled that "a defendant who objects to the admissibility of a custodial statement, but receives an unfavorable ruling at a *Jackson-Denno* hearing, need not renew the objection at trial to preserve it for appellate review."[6] However, *"affirmatively stating*

---

[3] *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966).

[4] 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[5] See *Nowlin v. State*, 260 Ga. App. 903, 904 (581 SE2d 413) (2003).

[6] *Williams v. State*, 270 Ga. App. 480, 482 (606 SE2d 671) (2004).

there is no objection in effect concedes the point."[7] Thus, this enumeration presents no basis for reversal.

2. Givens urges that his trial counsel rendered ineffective assistance to him by waiving his objection to the admission of his statement at trial. To prevail on this claim, Givens was required to establish that his trial counsel's deficient performance prejudiced his defense.[8] Although Givens correctly argues that his trial counsel waived his objection, Givens cannot establish the requisite prejudice since the statement was properly admitted.

Givens argues on appeal that his statement was involuntary because he gave it based upon a hope of benefit. "To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury."[9] The Supreme Court of Georgia has construed "slightest hope of benefit" to mean the hope of a lighter sentence.[10] There is no evidence in the record whatsoever to suggest that the police offered Givens the hope of lighter punishment in exchange for his statement.

Givens relies on the officers' testimony that he told them he had "big information" as evidence he believed he would benefit by making a statement. But the officers denied making any promise of benefit to Givens. And, although Kennedy and Jordan testified that Givens told them that he had information to share with a narcotics detective, Givens specifically denies suggesting that he be an informant. More importantly, however, Givens even denies giving the statement that was admitted at trial.[11] Consequently, there is no evidence to suggest that the officers induced Givens to make a statement by promising any hope of lighter punishment.

Given the absence of such evidence, coupled with Jordan's affirmative testimony that he did not offer Givens any assistance in exchange for his testimony, we find that the trial court did not err in denying Givens' motion to suppress his statement.[12] Thus, because trial counsel's failure to object to the admission did not prejudice his defense, Givens' ineffective assistance of counsel argument lacks merit.[13]

---

[7] (Emphasis in original.) *Dyer v. State*, 233 Ga. App. 770, 771 (505 SE2d 71) (1998).

[8] See *Reece v. State*, 250 Ga. App. 1, 6 (3) (550 SE2d 414) (2001).

[9] OCGA § 24-3-50.

[10] See *Caffo v. State*, 247 Ga. 751, 757 (3) (279 SE2d 678) (1981); see also *High v. State*, 271 Ga. App. 388, 390 (2) (609 SE2d 722) (2005).

[11] Givens also denies signing a *Miranda* waiver form. Instead, Givens maintains that he thought he was signing a citation for an expired car tag.

[12] See *Bowden v. State*, 279 Ga. App. 173, 178 (3) (630 SE2d 792) (2006); *Bailey v. State*, 248 Ga. App. 120, 121-122 (545 SE2d 659) (2001).

[13] See *Reece*, supra.

3. Givens' motion for extension of time to file brief and enumeration of errors is dismissed as moot.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 30, 2006.

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.