**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**July 3, 2012**

# In the Court of Appeals of Georgia

A12A0516. LIGHTSEY v. THE STATE.

PHIPPS, Presiding Judge.

Following a jury trial, Primose Lightsey appeals his conviction for trafficking in cocaine and possession of marijuana (less than an ounce). He contends that the trial court erred by denying his motion to suppress the drugs found in his vehicle. Because Lightsey has waived this argument, we affirm.

A police officer stopped Lightsey to give him a warning citation for driving a vehicle with defective equipment. After the officer issued the warning citation and returned to Lightsey his driver's license, the officer asked Lightsey for consent to search his vehicle, to which Lightsey first replied "yes," but then later stated "no." Minutes later, a drug-sniffing dog was brought to the scene and "gave a positive alert

on the driver's door." The officer searched Lightsey's vehicle and located substances that were later determined to be cocaine and marijuana therein.

Before trial, Lightsey unsuccessfully moved to suppress the cocaine and marijuana seized from his vehicle on the ground that the police officer had exceeded the permissible scope to detain him after the purpose of the stop had been fulfilled. During trial, when the State tendered the cocaine and marijuana into evidence, the trial court inquired whether Lightsey had any objections. Lightsey's counsel responded "No objection."

> When a prior motion to suppress has been filed, merely failing to object to the admission of the evidence during the subsequent trial does not constitute a waiver of the grounds asserted in the motion.[1] But affirmatively stating there is no objection to admission of the evidence in effect concedes the point.[2] In this case, when asked at trial whether there was any objection to the admission of the [cocaine and marijuana, Lightsey]'s attorney affirmatively stated that he had no objection. Thus, [Lightsey] waived and failed to preserve his right to contest the

[1] *Kilgore v. State*, 247 Ga. 70 (274 SE2d 332) (1981).

[2] See generally *Nowlin v. State*, 260 Ga. App. 903, 904 (581 SE2d 413) (2003).

2

admission of the evidence on appeal on the grounds raised in the motion to suppress.[3]

"We have no rule in this state which prohibits counsel from affirmatively waiving or withdrawing an objection previously made. When defense counsel stated that he had no objection to the introduction of the evidence, he waived any objection which might have been urged including those contained in the motion to suppress."[4]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[3] *Mew v. State*, 267 Ga. App. 454, 456 (2) (600 SE2d 397) (2004) (punctuation omitted); *Givens v. State*, 281 Ga. App. 370, 372 (1) (636 SE2d 94) (2006); *Banks v. State*, 269 Ga. App. 653, 655 (3) (605 SE2d 47) (2004); *Dyer v. State*, 233 Ga. App. 770, 771-772 (505 SE2d 71) (1998); *Abrams v. State*, 144 Ga. App. 874 (1) (242 SE2d 756) (1978); *Carter v. State*, 137 Ga. App. 823 (225 SE2d 64) (1976); compare *Felker v. State*, 172 Ga. App. 492, 494 (3) (323 SE2d 817) (1984) (the appellant's failure to object to the admission of the contraband during the course of the trial did not constitute a waiver of the motion to suppress; and in stating that he had no objection to the *crime lab report* identifying the seized substances as cocaine, counsel for the appellant did not stipulate to the legality of the search or to the *admissibility of the drugs* themselves but merely to the admissibility of the crime lab tests identifying the drugs).

[4] *Dyer*, supra at 771 (citation, punctuation, and footnotes omitted); *Monroe v. State*, 272 Ga. 201, 204 (6) (528 SE2d 504) (2000); *Williams v. State*, _ Ga. App. _ (4) (a) (_ SE2d _) (Case No. A11A1662, decided February 23, 2012).

3