**SECOND DIVISION**
**ANDREWS, P. J.**
**MILLER, P. J. and PETERSON, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 3, 2016**

**NOT TO BE OFFICIALLY REPORTED**

# In the Court of Appeals of Georgia

A15A1921. WARD v. THE STATE.                              PE-034C

PETERSON, Judge.

LaAnthony Ward appeals from the trial court's denial of his motion for new trial following his convictions for DUI-per se, driving on a suspended license, an open container violation, failure to stop at a stop sign, and obstruction of a law enforcement officer. Ward argues that the trial court erred by (1) admitting evidence of his prior DUI conviction, and (2) telling the jury that venue had been proven, in violation of OCGA § 17-8-57. We affirm because Ward has failed to preserve his challenges to the admission of his prior conviction, and the trial court did not violate OCGA § 17-8-57 because the challenged comments were made during a jury charge in which it instructed the jury that the State was required to prove venue beyond a reasonable doubt.

Viewing the evidence in the light most favorable to the verdict, the trial evidence shows that in February 2013, Deputy Gibbs of the Cherokee County Sheriff's Office observed a pickup truck approach a stop sign in Cherokee County and turn without stopping. Deputy Gibbs activated his patrol vehicle lights, and the truck quickly came to a stop behind a house. The driver exited the truck from the driver's side and began running. Deputy Gibbs did not see any one else around the vehicle. Deputy Gibbs called dispatch, gave a physical description of the driver, and reported that the driver was fleeing. Deputy Gibbs then chased the driver on foot through another subdivision, but returned to his patrol vehicle after losing sight of the driver. By this point, other sheriff's deputies had arrived at the scene of the stop and began searching the truck. The deputies found a cup containing an alcoholic beverage and business cards in Ward's name.

About the same time, a police officer with the Canton Police Department saw an individual, who matched the description given by dispatch, run across a street and crawl under a mobile home. The police officer approached the mobile home and drew his service weapon. Other officers arrived and pulled Ward out from underneath the mobile home. Police officers returned Ward to the scene where the pickup truck had

been left, and Deputy Gibbs positively identified Ward as the driver of the pickup truck.

Deputy Gibbs discovered that Ward had a suspended license and placed him under arrest for DUI and driving on a suspended license. Deputy Gibbs read Ward the implied consent warning, and Ward refused to submit to a chemical testing of his blood. After transporting Ward to the local jail, Deputy Gibbs applied for and obtained a search warrant authorizing a blood draw from Ward. The results of the blood test revealed that Ward had a blood-alcohol concentration level of 0.083.

At trial, after the State rested, Ward called his cousin, Octavious O'Shawn Culver, who testified that he was driving the pickup truck at the time of the offense. Culver further testified that Ward was sitting in the passenger seat and hopped over him and ran out the driver's side door when Culver ran the stop sign. Culver claimed that he exited through the passenger window after the deputy began chasing Ward.

Pursuant to its pretrial notice of intent to introduce evidence of other acts, the State then moved to introduce evidence of Ward's prior DUI conviction, arguing that this evidence was admissible under OCGA § 24-4-417 because Ward had placed the issue of identity in dispute. The State planned to introduce this evidence on rebuttal,

3

and the trial court admitted the prior DUI conviction into evidence over Ward's objection.

Before the State's rebuttal case, however, Ward took the stand and admitted that, in 2012, he pleaded guilty to DUI, driving on a suspended license, and providing a false name. Ward also stated that Culver was driving the pickup, and claimed that he jumped out of the truck because he was concerned about his father, who apparently had suffered a stroke and who Ward was planning to visit before the traffic stop.

Following Ward's testimony, the State, in rebuttal and over Ward's objection, called the police officer involved in Ward's prior DUI offense. The police officer's testimony reflected that when he stopped Ward for speeding in 2011, Ward told the officer that he lost his identification and told the officer that his name was Octavious O'Shawn Culver – the name of Ward's cousin who Ward alleged was driving the pickup truck in this case. The officer conducted a field sobriety test on Ward after observing that Ward smelled of alcohol, had bloodshot eyes, and was unsteady on his feet. During this test, the officer located Ward's driver's license protruding from the inside of Ward's shoe and discovered that Ward had been driving on a suspended license.

4

1. On appeal, Ward argues that the trial court erred by admitting evidence of his prior DUI conviction under OCGA § 24-4-417(a)(3) because the circumstances of the prior conviction were not sufficiently similar to the present offense to be relevant on the issue of identity, and because the prejudicial effect substantially outweighed its probative value.

To the extent Ward challenges only the admission of his prior DUI conviction, as opposed to the underlying details of the offense, he affirmatively waived his objection to the admission of his prior conviction because he introduced this evidence himself during his testimony. *See Lightsey v. State*, 316 Ga. App. 573, 574 (730 SE2d 67) (2012) ("We have no rule in this state which prohibits counsel from affirmatively waiving or withdrawing an objection previously made.") (citation omitted). Moreover, because Ward introduced the challenged evidence himself, any error was harmless. *See Odom v. State*, 241 Ga. App. 361, 361 (1) (526 SE2d 646) (1999) ("[W]here the same fact has been admitted in evidence before the jury, without objection, such admitted evidence renders harmless admission of the same evidence over objection.") (citations omitted). Thus, his challenge to the admission of his prior conviction presents no basis for reversal.

5

To the extent Ward challenged further inquiry into his prior DUI offense by objecting to the State's rebuttal witness, we will not consider this challenge. First, Ward has abandoned his challenge to the rebuttal witness by failing to raise the argument on appeal. *See Bragg v. State*, 226 Ga. App. 588, 588 (1) (487 SE2d 137) (1997). Second, because Ward introduced the evidence of his prior DUI conviction, he cannot complain of the trial court's decision to allow the State to elicit further details about the prior conviction. *See Mayberry v. State*, 301 Ga. App. 503, 507 (2) (687 SE2d 893) (2009) ("[O]ne cannot complain of a result he procured or aided in causing, and induced error is not an appropriate basis for claiming prejudice.").

2. Ward next argues that the trial court violated OCGA § 17-8-57 by commenting on the evidence when charging the jury on venue. During the jury charge, the trial court stated:

> The law provides that criminal actions shall be tried in the county in which the crime was committed. *Venue, that is, the crime was committed in Cherokee County*, is a jurisdictional fact that must be proved by the State beyond a reasonable doubt as to each crime charged in the accusation just as any element of the offenses. Venue must be proved by direct or circumstantial evidence, or both.

6

Ward argues that the language italicized above was an impermissible comment that venue had been proven. At the time of Ward's trial, OCGA § 17-8-57 provided that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."[1] However, a trial court's jury charge violates the statute "only when [its] instruction, considered as a whole, assumes certain things as facts and intimates to the jury what the [court] believes the evidence to be." *Simmons v. State*, 291 Ga. 705, 708 (5) (733 SE2d 280) (2012) (citation omitted).

In this case, the trial court's challenged statement did not reflect an opinion as to what had been proved; rather, it was an instruction of the specific fact that the State was required to prove venue beyond a reasonable doubt. The trial court's charge, as a whole, was a correct statement of the law and tracked the pattern jury instructions. *See State v. Dixon*, 286 Ga. 706, 707 (2) (691 SE2d 207) (2010); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 1.51.10 (2007). Thus, there is no merit to Ward's claim that the trial court violated former OCGA § 17-8-57 by giving the standard pattern jury instruction on venue. *See Hargett v. State*, 285 Ga. 82, 87-88 (4) (674 SE2d 261) (2009) (no OCGA § 17-8-57 violation where trial court gave pattern

---

[1] After Ward's trial, OCGA § 17-8-57 was amended effective July 1, 2015.

7

jury charge on prior consistent statements). Accordingly, we affirm the denial of Ward's motion for new trial.

*Judgment affirmed. Andrews, P. J., and Miller, P. J., concur.*