# Court of Appeals
# of the State of Georgia

ATLANTA,  June 12, 2023

*The Court of Appeals hereby passes the following order:*

**A23A1321. PRIMOSE EPHRIAM LIGHTSEY v. THE STATE.**

In 2011, a jury convicted Primose Ephriam Lightsey of cocaine trafficking and misdemeanor possession of marijuana. He was sentenced as a recidivist to a total of 36 years, with the first 20 years to serve in confinement. This Court affirmed Lightsey's conviction on appeal. See *Lightsey v. State*, 316 Ga. App. 573 (730 SE2d 67) (2012).

In February 2023, Lightsey filed a motion to vacate void sentence and void judgment. The trial court denied the motion for void sentence and dismissed the motion for void judgment. Lightsey then filed this direct appeal. We, however, lack jurisdiction.

Regarding Lightsey's motion for void sentence, under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once this statutory period expires, as is the case here, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). When a sentence is within the statutory range of punishment, it is not void. *Jones*, 278 Ga. at 670.

In his motion, Lightsey argued that the trial court lacked authority to sentence him because the sentence was filed after he filed his notice of appeal. This argument is flawed because a prematurely filed notice of appeal ripens upon entry of the judgment. See *Betha v. State*, 208 Ga. App. 802, 803 (432 SE2d 242) (1993). Moreover, Lightsey's argument is not a valid void sentence claim. Here, Lightsey's sentences were within the statutory ranges of punishment and do not exceed the maximum punishment allowed by the law. See OCGA §§ 16-13-30 (d) and 16-13-30 (j) (2). Because Lightsey has not raised any colorable claim that his sentence is void, the trial court's order denying his motion is not subject to direct appeal. See *Harper v. State*, 286 Ga. 216, 217 n.1 (686 SE2d 786) (2009) (a direct appeal may lie from an order denying or dismissing a motion to vacate a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void).

With respect to the motion for void judgment, as the Supreme Court of Georgia has made clear, a motion seeking to vacate or set aside an allegedly void conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a motion should be dismissed. *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010).

Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,  06/12/2023

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.